United States Court of Appeals,

Fifth Circuit.

No. 94-40255.

Parkash Ram ATTUL, A38-118-133, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Jan. 24, 1995.

Petition for Review of an Order of the Board of Immigration Appeals.

Before REAVLEY, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:

Parkash Ram Attul petitions us to review his deportation order handed down by the Board of Immigration Appeals (BIA). He contends that he is ineligible for deportation because of Congress's amendment to the statute under which the INS seeks to deport him. We deny his petition.

BACKGROUND

Attul, an Indian citizen, has been a permanent resident of the United States for eleven years. In December 1985, in response to charges that he participated in a fraudulent marriage scheme, Attul pleaded guilty to making false statements under penalty of perjury, in violation of 18 U.S.C. § 1546. Under 8 U.S.C. § 1251(a)(5) (1988) (amended 1990), violation of § 1546 is grounds for deportation. The Immigration and Naturalization Service (INS) commenced deportation proceedings, and an immigration judge declared Attul deportable in July 1987. During Attul's appeal to the BIA, a fire destroyed the records of his proceedings.

1

The INS renewed deportation proceedings in January 1989. On February 26, 1991, an immigration judge again found Attul deportable, but granted a waiver on the basis of unusual and outstanding equities. The INS appealed to the BIA, which affirmed the deportation order and vacated the waiver. Attul petitions us for review.

DISCUSSION

The BIA found Attul deportable under the pre-1990 version of 8 U.S.C. § 1251. Congress amended this statute in 1990, but the amended statute does not apply to Attul because he received notice of the deportation proceedings prior to March 1, 1991. *See Pritchett v. INS,* No. 93-5546, slip op. at 7 (5th Cir. July 6, 1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 421, 130 L.Ed.2d 336 (1994). Furthermore, the amended statute does not affect a deportation order granted under the old statute. *Id.*

Nevertheless, Attul would have us construe the amended statute to determine his deportability. He cites *In re B---,* 5 I. & N. Dec. 255 (BIA 1953), to demonstrate that the BIA will not deport an alien under a statute that is no longer effective. In *B---,* the BIA withdrew the deportation order of a German national whose basis for deportation was his membership in the German Nazi Party. Congress had recently amended the statute to limit deportation to members of organizations that advocate such a regime in the United States. The BIA applied the new statute and concluded that the alien should not be deported, despite the existence of a valid savings provision. *Id.* at 257-58. The BIA considered its

2

conclusion consistent with other decisions in which it refused to deport aliens that were racially barred from entry into this country after the racial bar had been removed. *Id.* at 258.

In the present case, the INS has commenced deportation proceedings against Attul because of his act of perjury, not because of his race or his party membership. The BIA has not applied *B---* outside of cases in which the repealed exclusion was based on race or politics. *Cf. United States v. Gruttadauro,* 818 F.2d 1323, 1325 n. 2 (7th Cir.1987) (explaining that the General Savings Clause, 1 U.S.C. § 109, requires application of a pre-amendment statute dispensing a penalty unless Congress has substituted a right for what was a crime). We decline the invitation to extend *B---* in the face of the 1990 congressional enactment which states that the 1990 version of § 1251 will not apply to cases in which the alien has been provided with notice of the deportation proceedings prior to March 1, 1991. Immigration Act of 1990, Pub.L. No. 101-649, § 602(d), 104 Stat. 4978, 5082 (1990), *codified at* 8 U.S.C. § 1161 note (Supp. III 1991). We determine that the amended version of § 1251 is irrelevant to the issue of Attul's deportation.[1]

CONCLUSION

For the foregoing reasons, Attul's petition is DENIED.

---

[1]The BIA determined that Attul was deportable under 8 U.S.C. § 1251(a)(3)(B)(iii) (Supp. III 1991). Because of the conclusion we reach, we need not address this issue.